# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ALPHONSO BUTLER, | ) |
| Plaintiff, | ) |
| | ) No. 12 cv 6719 |
| v. | ) |
| | ) Judge Sharon Johnson Coleman |
| DISCOVERY COMMUNICATIONS, LLC, | ) |
| Defendant. | ) |

## Memorandum Opinion and Order

Plaintiff, Alphonso Butler, filed a First Amended Complaint with three counts, alleging false light invasion of privacy, defamation, and negligent infliction of emotional distress stemming from a television reenactment program produced by defendant Discovery Communications, LLC ("Discovery"). Discovery moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons stated below, this Court grants the motion and dismisses the case with prejudice.

**Background**

On the evening of February 15, 2000, Alphonso Butler had dinner with his best friend Marcus Toney. Mr. Butler and Mr. Toney went to Mr. Toney's house after dinner because Mr. Toney had received a strange package that he believed to be from his estranged wife. The package was on the table in Mr. Toney's living room. The package contained a second box inside an outer box that Mr. Toney believed might contain a VCR. Butler alleges that Mr. Toney asked him to open the box, but when he began to do so, Mr. Toney stepped in front of him and opened the box himself. The box contained a pipe bomb, which detonated when opened. The blast killed Mr. Toney and injured Butler. Mr. Toney's estranged wife, Lisa Toney, and her boyfriend, Sienky Lallemand, are currently serving prison sentences for Mr. Toney's murder.

Discovery broadcasts a series called "Wicked Attraction" on its Investigation Discovery Network. An episode called "Lust for Life" that aired as part of the series included a reenactment depicting the explosion of the pipe bomb that killed Marcus Toney. The episode referenced Alphonso Butler by name and as Toney's "best friend". The episode included actual footage of Butler on a stretcher being loaded onto an ambulance and a reenactment of the scene leading to the explosion with actors portraying both Marcus Toney and Alphonso Butler. The episode aired on June 15, 2012, and again on July 7, 2012.

Butler alleges that no producer, director, or anyone else responsible for the creation of "Lust for Life" ever contacted him or obtained his permission to use his name, image, or likeness in connection with the episode. Butler claims that he was portrayed as goading Mr. Toney into opening the package and thus appears to contribute to his death. Butler further alleges that he has suffered humiliation, distress, and the loss of a business partnership because of the airing of the episode.

**Legal Standard**

Federal Rule of Civil Procedure 8(a)(2) sets forth the basic pleading requirement that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Rule 8 does not require the plaintiff to plead particularized facts, but the factual allegations in the complaint must be enough to raise a plausible right to relief above the speculative level. *See Arnett v. Webster*, 658 F. 742, 751-52 (7th Cir. 2011). When ruling on a motion to dismiss, courts accept all well-pleaded allegations in the complaint as true, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (7th Cir. 2004), and draw all reasonable inferences in favor of the plaintiff. *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007).

**Discussion**

Defendant Discovery Communications moves to dismiss Butler's entire First Amended Complaint for failure to state a claim. Discovery argues that Butler fails to adequately allege a cause of action because the reenactment scene is substantially true, capable of innocent construction, and was not made with actual malice. Discovery further asserts that the alleged conduct is insufficiently outrageous and the alleged injury insufficiently severe to state a claim for infliction of emotional distress and the First Amendment shields Discovery from liability for the broadcast. This Court will address each count of the First Amended Complaint in turn.

*1. Count I – False Light Invasion of Privacy*

A claim for false light invasion of privacy has three elements. *Dubinsky v. United Airlines Master Executive Council*, 303 Ill. App. 3d 317, 330, (1st Dist.1999). First, the allegations in the complaint must show that Discovery's actions placed Butler in a false light before the public. Second, this Court must determine "whether a finder of fact could decide that the false light in which the plaintiff was placed would be highly offensive to a reasonable person." *Lovgren v. Citizens First Nat'l Bank*, 126 Ill. 2d 411, 419-420 (1989). Illinois courts use the test articulated by the Restatement that states that this element is met "when the defendant knows that the plaintiff, as a reasonable man, would be justified in the eyes of the community in feeling seriously offended and aggrieved by the publicity." *Id.* at 420 (quoting Restatement (Second) of Torts § 625E, comment c, at 396 (1977).) Finally, the plaintiffs must allege and prove that the defendants acted with actual malice, that is, with knowledge that the statements were false or with reckless disregard for whether the statements were true or false. *Dubinsky,* 303 Ill. App. 3d at 330.

Here, Butler alleges that the "Lust for Life" episode gave the impression that Butler

encouraged Mr. Toney to open the package that contained the pipe bomb that killed him and portrayed Mr. Toney as reluctant to open the box. (First Am. Comp. Dkt. 33 at ¶ 28). Butler further alleges that the reenactment placed him in "the light of having been the direct impetus to his best friend's death, in that the scene depicted [Butler] as having persuaded the decedent to open the package containing the pipe bomb when [the decedent] did not want to open it." *Id.* at ¶ 30.

This Court does not see a substantial difference between Butler saying to Toney something akin to "go ahead and open it or I will" and Toney saying to Butler "Go ahead, tear it open" when both Butler's testimony from the criminal trial and the reenactment scene show Butler starting to open the package and Toney stepping in to finish opening it. Furthermore, there is no suggestion in the allegations in the complaint or in the reenactment that Discovery portrayed Butler as being aware of the threat posed by the package. Without such knowledge of the danger or involvement in the plot to kill Toney, Butler's appearance of encouraging or goading Toney into opening the package is benign. Contrary to Butler's allegation that the reenactment placed Butler in the light of being a direct impetus to his best friend's death, the depiction showed Butler as a second victim of the bomb. There is no implication that Butler knew what was in the package. Therefore, this Court finds that Butler was not placed in a false light that would be highly offensive to a reasonable person.

The situation here is substantially different than, for example, in *Kolegas*, where the court found that statements broadcast about a couple constituted a false light invasion of privacy. *Kolegas v. Heftel Broad. Corp.*, 154 Ill. 2d 1, 20 (1992). There, the defendants falsely implied that the plaintiffs' heads were deformed as a result of their Elephant Man illness, and the defendants claimed that they must have had a shotgun wedding because of the unattractiveness

4

of one of the plaintiffs. The court found that a reasonable trier of fact would find these statements highly offensive and would not offend only a hypersensitive individual. *Id.*

2. *Defamation*

"A statement is defamatory if it tends to harm a person's reputation to the extent that it lowers that person in the eyes of the community or deters others from associating with that person." *Tuite v. Corbitt*, 224 Ill. 2d 490, 501 (2006). "A statement is defamatory *per se* if its defamatory character is obvious and apparent on its face and injury to the plaintiff's reputation may be presumed."[1] *Id*. In defamation *per quod* action, the plaintiff must plead and prove special damages because damage to the plaintiff's reputation is not presumed. *Id.*

Here, this Court finds that the statement is not defamatory. As this Court noted above, without any implication that Butler was aware the package contained a bomb or was otherwise involved in the plot to kill Toney, the portrayal of him as cajoling Toney into opening the package cannot reasonably be interpreted that Butler in any way caused Toney's death. "If a statement is reasonably capable of a nondefamatory interpretation, given its context, it should be so construed; there is no balancing of reasonable constructions." *Id.* at 502. This Court finds the statement is not defamatory and is substantially true. Accordingly, Butler's defamation claim is dismissed.

3. *Negligent Infliction of Emotional Distress*

To establish negligent infliction of emotional distress, the essential question is whether the plaintiff properly alleged negligence on the part of the defendant. *Corgan v. Muehling*, 143 Ill. 2d 296, 306 (1991). "A complaint for negligence, to be legally sufficient, must set out facts that establish the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately caused by that breach." *Id.* The primary issue here is whether

---

[1] *Butler has waived any claim of defamation per se* by failing to respond to that portion of the motion to dismiss. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010).

Discovery owed Butler a duty. "The determination of whether a duty exists--whether the defendant and the plaintiff stood in such a relationship to one another that the law imposed upon the defendant an obligation of reasonable conduct for the benefit of the plaintiff--is an issue of law to be determined by the court." *Id.*

Butler argues that he adequately alleges that Discovery owed him a duty as the only surviving witness of the fatal explosion to contact him to obtain his recollection and explanation of events. Butler asserts that this Court should impose a duty on Discovery to investigate based on "policy" considerations referred to in *Corgan v. Muehling.* In *Corgan*, the Illinois Supreme Court enumerated a list of policy considerations including, "the likelihood of harm, the gravity of the injury, the burden of guarding against the injury, and the relationship between the parties." 143 Ill. 2d at 306. However, a duty to investigate arises only after the publisher discovers "an obvious reason to doubt" the accuracy of story. *Kisser v. Coalition for Religious Freedom*, 1994 U.S. Dist. LEXIS 18818, 11-12, 1995 WL 3996 (N.D. Ill. Dec. 23, 1994).

As this Court has noted throughout this opinion, the alleged differences between Butler's testimony at the criminal trial, ostensibly his account of events, and the reenactment are insubstantial. There is no real distinction between the court record and the reenactment other than which of the friends initiated the conversation about opening the box. Clearly, Toney opened the box of his own volition in each version of events and Butler was unaware of the danger lurking inside. This is a distinction without a difference and does not undermine the accuracy of the material portion of the story; that Butler was present with Toney when Toney opened the package, triggering the bomb that killed Toney and injured Butler. Further investigation by Discovery, would not have materially altered that depiction. Therefore, this Court finds that Discovery had no reason to doubt the accuracy of the portrayal and owed no

duty to further investigate the incident by directly contacting Butler. This Court dismisses Butler's claim for negligent infliction of emotional distress.

**Conclusion**

For the reasons stated herein, this Court grants defendant Discovery Communications, LLC's Motion to Dismiss the Complaint [41]. Plaintiff's First Amended Complaint is dismissed with prejudice.

IT IS SO ORDERED.

Date: May 9, 2013

Entered: _____
Sharon Johnson Coleman